Argued April 13, affirmed May 24, 1961

## SCHWINDT v. SCHWINDT
### 362 P. 2d 333

*Kenneth A. Poole*, Eugene, argued the cause for appellant. With him on the briefs was Donald F. Bach, Eugene.

*Laurence L. Morley*, Lebanon, argued the cause for respondent. On the brief were Morley, Thomas & Orona, Lebanon, and Willis, Kyle & Emmons, Albany.

Before McAllister, Chief Justice, and Warner, Perry, O'Connell and Lusk, Justices.

PER CURIAM.

This is a suit for divorce brought by plaintiff husband. The trial court entered a decree of divorce for plaintiff, awarded him custody of the two minor sons of the marriage, ages 12 and 9 years, and allocated to him certain property. Defendant wife was awarded custody of the youngest child, a daughter 4 years of age, and was given the dwelling house of the parties. Defendant appeals and plaintiff cross appeals.

Prior to the institution of the present suit in Linn county defendant wife had filed a suit for divorce in Marion county. Trial was had on the wife's suit on July 22, 1957, and about the middle of August the trial judge wrote a letter to the then attorneys of record informing them that he was denying Mary Schwindt, the present defendant, a divorce. A decree of dismissal was entered November 8, 1957. About the middle of August, 1957, defendant went to Nevada where she filed another suit for divorce against the present plaintiff, alleging substantially the same grounds as she had alleged in the complaint filed in the Oregon suit. On December 13, 1957, the Nevada court entered a decree awarding the present defendant a divorce and custody of the three children.

In the trial of the present cause the trial judge found that defendant left Oregon and instituted the suit for divorce in Nevada "with a deliberate intent to circumvent the pending decision of the Oregon court." He further found that defendant had not established her domicile in Nevada at the time she obtained the decree in that state.

The principal issues presented on this appeal are those which depend upon the sufficiency of evidence. In commenting on the evidence in this case the trial court stated in his memorandum opinion: "On the issue of residency, and from the other issues in the case, the court is hard put to find a single statement in the testimony of Mrs. Schwindt which is truthful. She is probably the most consistently untruthful witness the court has yet experienced."

We have no reason to question the trial judge's appraisal of the credibility of defendant as a witness. There was sufficient evidence to sustain the trial court's conclusions on all of the issues of fact presented in the trial of this cause. We have considered all of the assignments of error and find them without merit.

Plaintiff's cross appeal based upon the alleged error of the trial court in awarding custody of the minor daughter to defendant and in awarding defendant the dwelling house is also without merit.

The decree of the lower court is affirmed.